IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-47,282-03






EX PARTE MELVIN LEON GOODSPEED, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 00-F-0659-202-A IN THE 202
nd DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to ninety-nine years' imprisonment. The Court of Appeals affirmed
his conviction. Goodspeed v. State, No. 06-01-00227-CR (Tex. App.-Texarkana, delivered June 21,
2005, no pet.). 

 Applicant contends that his trial counsel rendered ineffective assistance. Specifically, he
contends that counsel (1) failed to conduct an adequate voir dire and used two peremptory strikes
for veniremembers who had been already excused; (2) failed to cross-examine the complainant and
outcry witness at a hearing pursuant to Tex. Code Crim. Proc. art. 38.072; (3) failed to investigate
facts that might have revealed a different perpetrator; (4) failed to object at trial to the admission of
an outcry statement and subsequent testimony of an outcry witness; and (5) failed to object at trial
to the hearsay testimony of a non-designated outcry witness.

 On March 8, 2006, we remanded the application and instructed the trial court to enter
findings of fact and conclusions of law. On June 26, 2006, we received an order from the trial judge
of the 202nd District Court who recommended that relief be denied. However, no affidavit from trial
counsel was included in the record. Nor was a live evidentiary hearing held. According to an
affidavit submitted by the State, trial counsel and the presiding judge are deceased. We believe that
applicant has alleged facts that, if true, might entitle him to relief. Therefore, the trial court shall
forward a copy of the trial record to his Court. 

 This application will be held in abeyance until the trial court sends a copy of the trial record.
The trial court shall send the record within 30 days of this order. Any extensions of time shall be
obtained from this Court.


Filed: July 26, 2006

Do Not Publish